

FILED

05/04/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0192

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 21-0192

CHAD ALLEN BERG,

Petitioner,

v.

AUSTIN CHOOKOMOOLIN,

Respondent.

FILED

MAY 04 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Representing himself, Chad Allen Berg has filed a Petition for a Writ of Habeas Corpus, indicating that his incarceration is illegal because he was not given a hearing within five days following his arrest, pursuant to § 46-23-1024(2), MCA. He includes a copy of a Report of Violation submitted by Adult Probation and Parole of the Montana Department of Corrections (DOC). Berg requests that he be released and placed on parole.

We reviewed the summary of Berg's legal history and placement included in the Report of Violation. Berg has two sentences from the Twelfth Judicial District Court, Hill County. His original sentence for a 2014 conviction of felony driving under the influence of drugs or alcohol (DUI) has been revoked twice. In December 2017, the District Court imposed a four-year sentence to the DOC with no time suspended because of new offenses, and Berg was transported to the Montana State Prison (MSP). In March 2018, the District Court sentenced Berg for the 2017 offenses of felony criminal possession with intent to distribute and felony use of property subject to criminal forfeiture. Berg received two, concurrent terms of five years to the DOC. The 2018 sentences run consecutively to his sentence upon revocation for the 2014 DUI conviction. On September 30, 2019, Berg was granted parole.

Berg argues that his parole revocation was improper because he "was not given a hearing within 5 days after being arrested as stated in Montana Code Annotated 46-23-1024 section (2)." Berg's reliance on § 46-23-1024(2), MCA, is misplaced. Berg's argument overlooks § 46-23-1024(1)(b), which provides that "[a]fter the arrest of the parolee, an initial hearing must be held *unless* . . . the parolee has been charged in any court with a violation of the law" (emphasis added). Berg was arrested on March 17, 2021, and on March 18, 2021 he was charged in Hill County District Court with felony criminal possession of dangerous drugs and misdemeanor criminal possession of drug paraphernalia. Berg was not entitled to an initial hearing within five days because of this new offense.

Montana's statutory scheme outlines the process that a parolee, such as Berg, is due. "At any time during release on parole or conditional release, the department may issue a warrant for the arrest of the parolee for violation of any of the conditions of release . . . ." Section 46-23-1023(1), MCA. Aside from the new criminal charges, Berg was cited for several compliance violations in the Report of Violation. Berg's due process rights have not been violated as he alleges, and he is not entitled to be released and placed on parole. "Parole . . . is a discretionary grant of freedom from incarceration." *McDermott v. McDonald*, 2001 MT 89, ¶ 24, 305 Mont. 166, 24 P.3d 200. Berg violated the conditions of his parole, jeopardizing his "grant of freedom" by the Board. He has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. Accordingly,

IT IS ORDERED that Berg's Petition for a Writ of Habeas Corpus is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Chad Allen Berg personally.

DATED this 4 day of May, 2021.

_____
Chief Justice

2

_____

_____

_____

_____
Justices